**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division



JAMES LACY McVEY,

       Plaintiff,

v.                                         Civil Action No. **3:11CV534**

KIMBERLY RUNION, *et al.*,

       Defendants.

## MEMORANDUM OPINION

James Lacy McVey, a Virginia detainee proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. The matter is before the court for evaluation pursuant to 28 U.S.C. § 1915(e)(2). Since McVey's suit, if successful, would necessarily imply the invalidity of his civil confinement, it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In addition, the Court does not find it necessary to appoint counsel, as the petitioner requests. The Court will therefore adopt the Magistrate Judge's Report and Recommendation and dismiss the action.

## I. BACKGROUND

This Court must dismiss any action where the plaintiff proceeds *in forma pauperis* if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

The Magistrate Judge made the following pertinent findings and recommendations:

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

McVey challenges his civil commitment by the Commonwealth of Virginia pursuant to the Civil Commitment of Sexually Violent Predators Act,

§ 37.2-900 *et seq.* of the Code of Virginia[1] and seeks money damages in excess of five million dollars. McVey claims that Defendants, by committing him, have violated his "1st, 4th, 5th, 6th, 8th, 13th, 14th Amendment rights, and due process violations[.] [McVey] also alleges torts of sever[e] cruelty and inhumane abuse at [the] hands of [the] civil commitment staff." (Compl. 2 (spacing and capitalization corrected).)

## Analysis

To the extent that McVey seeks "monetary damages stemming from improper incarceration," such an attempt via 42 U.S.C. § 1983 "is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07cv337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008). In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must

---

[1] The Civil Commitment of Sexually Violent Predators Act ("Act") under which McVey is detained authorizes state officials to petition for civil commitment of an inmate found to meet the statutory definition of a sexually violent predator:

> [A]ny person who (i) has been convicted of a sexually violent offense, or has been charged with a sexually violent offense and is unrestorably incompetent to stand trial pursuant to § 19.2–169.3; and (ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts.

Va. Code. Ann. § 37.2–900 (West 2011). The Act sets out rigorous procedural requirements, including notice, a petition alleging factors warranting commitment, assistance from counsel and medical experts, a probable cause hearing, trial, appeal, and placement in a non-prison setting after commitment. *Id.* §§ 37.2-904 through 911.

3

be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The Supreme Court summarized that *Heck* and the related cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The first question this Court must ask is whether Plaintiff's claims necessarily imply the invalidity of his current confinement.[2] *Heck*, 512 U.S. at 487.

Here, McVey fails to allege any injury distinct from the injury of his civil commitment. *Heck*, 512 U.S. at 487 n.7. McVey does not articulate, and the Court cannot conceive, how he could prevail on these and not simultaneously invalidate the civil commitment. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 479, 490 (concluding alleged due process violations were barred); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342, at *2 (11th Cir. Jan. 31, 2007). Thus, *Heck* bars the aspects of McVey's claim that are predicated on his assertion that his civil commitment is improper. *See Wilkinson*, 544 U.S. at 79 ("[A] § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement.'") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

Because success on his claims necessarily implies invalid confinement, under the second portion of the *Heck* analysis, McVey must demonstrate a successful challenge to his current civil commitment. *Heck*, 512 U.S. at 487. McVey presents no evidence that any court or tribunal has invalidated his current civil commitment. *Id.* at 486-87. Thus, McVey's claims remain barred by *Heck* and its progeny. Accordingly, it is RECOMMENDED that McVey's claims and the action be DISMISSED WITHOUT PREJUDICE.

---

[2] Although *Heck* only expressly addressed challenges to criminal convictions and sentences, its standards appear applicable to Plaintiff's claim challenging his civil commitment. *See Wood v. Wood El*, No. Civ. A. 05-1447 RBK, 2005 WL 1899335, at *4 (D.N.J. Aug. 5, 2005) (rejecting a § 1983 challenge to an involuntary civil commitment because the involuntary commitment had not been invalidated as required by *Heck*); *Delaney v. Comm'r of Dep't of Mental Health*, No. C.A. 92-12025-MLW, C.A. 92-12026-MLW, 1998 WL 113852, at *5 n. 3 (D. Mass. Mar. 5, 1998) (noting that *Heck* and *Balisok* would bar an award of damages for unlawful civil commitment because such award "would necessarily imply the invalidity of the underlying commitment order").

(Feb. 21, 2012 Report and Recommendation.) The Court advised McVey that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. More than fourteen (14) days have elapsed since the Court entered the Report and Recommendation and McVey filed neither objections nor an amended complaint. Rather, on February 29, 2012, McVey filed a Motion for Appointment of Counsel. (Docket No. 11.)

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Here, McVey makes no objections to the magistrate judge's recommendation. Accordingly, the Report and Recommendation (Docket No. 10) will be ACCEPTED AND ADOPTED.

## III. MOTION TO APPOINT COUNSEL

McVey moves the Court to appoint counsel to represent him in this action. In cases under 42 U.S.C. § 1983, the Court need not appoint counsel unless the case presents complex issues or exceptional circumstances. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). None of the issues involved here are so complex nor the circumstances so exceptional as to

warrant the appointment of counsel. Accordingly, Plaintiff's Motion for Appointment of Counsel (Docket No. 11) will be DENIED.

## IV. CONCLUSION

McVey's Motion for Appointment of Counsel (Docket No. 11) will be DENIED. There being no objections, the Report and Recommendation (Docket No. 10) will be ACCEPTED AND ADOPTED. McVey's claims will be DISMISSED WITHOUT PREJUDICE and the action will be DISMISSED.

An appropriate Order shall issue.

 

Date: June 21, 2012
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge